Mary Louise PUTNAM, Petitioner,

v.

William E. FANNING, Judge, Boyd Circuit Court, Division I, Respondent.

Court of Appeals of Kentucky.

May 18, 1973.

C. B. Creech, Creech, Hogg & Johnson, Ashland, for petitioner.

PALMORE, Chief Justice.

■ We have heretofore denied temporary relief sought by the petitioner to prevent the entry of a decree of dissolution (KRS 403.140) in a divorce case before determination of the other important issues, including maintenance (KRS 403.160) and disposition of property (KRS 403.190). The decree, though signed and delivered to the clerk of the circuit court, had not yet been physically noted in the civil docket as required by CR 58 and CR 79.01, but the duty of the clerk to make the notation "forthwith upon receipt of the signed judgment or order" (CR 58) is a ministerial function which cannot be affected by the propriety or impropriety of the judicial action embodied in the document itself and is not subject to the control of the trial judge. Once the judgment or order is received by the clerk, the rule requires without condition or exception that it be noted.

■ Nevertheless, the reservation of other issues for subsequent determination without the recitations authorized by CR 54.02 deprives the decree of finality and leaves it open to vacation or modification by the trial court. It can have very little practical significance unless and until it is made final.

To avoid inviting a petition to prohibit the respondent from making the decree final under CR 54.02, which would have been the proper procedure, we shall meet the issues on their merits. Can a trial court in a divorce case enter a final decree of dissolution before resolving the other issues specified in KRS 403.140, and in so doing can it find "that the conciliation provisions of KRS 403.170 do not apply" without having granted a party's motion, supported by an affidavit to the effect that the marriage is not irretrievably broken, for a conciliation conference? Our answer to both of these questions is yes.

With respect to the alleged prematurity of the dissolution decree, petitioner expresses the fear that future contingencies such as remarriage and death may alter the disposable property rights of the respective parties before they are resolved in the divorce proceeding. The answer is, we think, that from the moment a final decree of dissolution is entered each party owns only that which the court then or subsequently says he owns. If it be real estate, KRS 382.440 affords the protection of a lis pendens notice at any time after the action is filed. The various provisional remedies of KRS Ch. 425 also are available. And whether it be real or personal property, the trial court may enter such other or further protective orders as may be necessary or appropriate. The rights of heirs, distributees, creditors and new spouses should attach only to that which the chancellor finally allows to the party in question.

■ KRS 403.140 recites the conditions under which a decree of dissolution *shall* be entered. Our question here is whether it *can* be granted until *all* of those conditions exist. Our holding here is that it can be entered prior to final disposition of the matters enumerated in KRS 403.140(1)(d).

■ A careful examination of KRS 403.170 discloses that the only instance in which a conciliation conference is mandatory occurs under subsection (2)(b), which is stated as part of an *alternative* procedure to subsection (2)(a), under which the trial court may instead find that the marriage is irretrievably broken, as the chancellor did in this case.

Prohibition is denied.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.