**Cynthia STALLARD, Appellant,**

v.

**Glen McDONALD, Jefferson District Court Judge; Kevin Delahanty, Jefferson District Court Judge; City of Louisville, Kentucky; and Commonwealth of Kentucky, Appellees.**

**No. 91–CA–000504–S.**

Court of Appeals of Kentucky.

March 20, 1992.

Glen McDonald, pro se.

Kevin Delahanty, pro se.

Christina Heavrin, Director of Law, Paul Guagliardo, Asst. Director of Law, City of Louisville, Louisville, for appellee, City of Louisville, Kentucky.

Mike Conliffe, Jefferson County Atty., B. Frank Radmacher, III, Asst. County Atty., Louisville, Chris Gorman, Atty. Gen., Frankfort, for appellee, Commonwealth of Kentucky.

Before HOWERTON, DYCHE and STUMBO, JJ.

STUMBO, Judge.

This appeal arises from the denial of the motion of Appellant, Cynthia Stallard, for relief in the nature of mandamus against a Jefferson District Court Judge. The Jefferson Circuit Court denied the motion, because there was no service of process upon the District Judge. After reviewing the record and the law, we must affirm.

We initially are compelled to comment upon the deplorable state of the record, which makes it virtually impossible for us to discern with any precision the sequence of events leading to this appeal, and the parties that have officially participated in this case at any given time. We cannot tell if the state of the record should be attributable to the parties or some endemic fault of the system. In any event, if we were not able to decide the issues presented on general rules of law, we would feel compelled to remand this appeal, since we are otherwise unable to conduct a meaningful review based upon the wretchedly disorganized record certified to us.

The issue presented on appeal concerns whether the circuit court had jurisdiction over Stallard's motion for relief in the nature of mandamus against the district court, which had declined to dismiss the charges against Stallard for the Commonwealth's failure to provide discovery as or-

Ronald Joseph Russell, William H. Allison, Jr., Allison, Soreff & Garber, P.S.C., Louisville, for appellant.

dered.[1] The circuit court denied the motion because the district court judge had not been served.

We find, however, service of process is not required upon a district judge in an action in circuit court for a mandamus against him. *Sweasy v. King's Daughters Memorial Hospital*, Ky., 771 S.W.2d 812, 816–17 (1989). Although we note Appellees argument that *Sweasy* is limited to an original action in this Court, we find it to be persuasive on the analogous question presented. Notably, the Supreme Court in *Sweasy* reasoned a judge of a lower court was only a nominal party, who has no interest in the outcome, and whose only connection to the matter is his duty to obey the decision of the appellate court. *Id.* It went on to note, as a point of explanation, certain amendments to the Civil Rules, which allowed the real party in interest, who would be the party affected if the mandamus is ordered, to appear and defend the lower court's decision. *Id.; See* CR 76.36. As a result, we do not think the *Sweasy* decision is limited to mandamus actions under CR 76.36, but is applicable to all mandamus actions.

We must, therefore, conclude the circuit court erred in dismissing the motion for mandamus for lack of jurisdiction. We further conclude, however, that we must affirm the trial court's decision on other grounds. *Haddad v. Louisville Gas & Electric Company*, Ky., 449 S.W.2d 916, 919 (1969). Specifically, mandamus is only available where a lower court is proceeding outside its jurisdiction and there is no adequate remedy by appeal or where it has acted incorrectly, although within its jurisdiction, there exists no adequate remedy by appeal or otherwise, and a great injustice or irreparable injury would result. *Tipton v. Commonwealth*, Ky.App., 770 S.W.2d

239, 241 (1989). Additionally, mandamus is inappropriate to tell a lower court how to act or to interfere with its exercise of discretion. *Humana of Kentucky, Inc. v. NKC Hospitals, Inc.*, Ky., 751 S.W.2d 369, 374 (1988).

In this case, Stallard has not established, on the current record, that she has no adequate remedy by appeal, since she will be able to challenge any question of denied discovery therein, if she is, in fact, convicted. Mandamus, thus, is not appropriate. *Avery v. Knopf*, Ky., 807 S.W.2d 55, 55–56 (1991). Moreover, she has not established irreparable injury. Her current speculation of record on the issue will not support her motion. *Avery, supra.* We, finally, note the question of what sanction, if any, to be applied for discovery abuses under RCr 7.24 is within a trial court's discretion, since it *may:* 1) direct the discovery be had; 2) grant a continuance; 3) prohibit the abusing party from introducing evidentiary material not disclosed; or 4) enter such other order, which is just under the circumstances. RCr 7.24(9). We cannot readily think of an area in the law where the matter is so clearly committed to a trial court's discretion, which indicates mandamus is again inappropriate on the record before us. As a result, we hold Stallard's motion for mandamus will not lie, because there is an adequate remedy by appeal, she has not established irreparable harm, and the question she raises is within the district court's discretion. *Tipton, supra; Humana, supra.*

We, therefore, affirm the order of the Jefferson Circuit Court.

All concur.

---

1. As best we are able to discern, there may have been such a discovery order, which may have been issued by the district court, although not by the regular judge, and by the circuit court. We, of course, are also aware of the Commonwealth's position that the material requested is *not* in its hands, but held by the City of Louisville. The question of who had the requested material apparently led to an order by the circuit court directing the City to produce the requested items. Since none of the above is actually presented for our consideration, we make no comment upon its propriety. We, however, cannot condone any improper avoidance of legitimate discovery orders, if such has occurred, and would strongly condemn such abuses if they were established.