Honi M. GOLDMAN, Appellant,

v.

The Honorable Leon EICHENHOLZ, Special Judge, Sitting for the Honorable John W. Potter, and Barry Bernson, Appellees.

No. 92–SC–719–MR.

Supreme Court of Kentucky.

Feb. 18, 1993.

Rehearing Denied May 27, 1993.

Cindy L. Stone, Seiller & Handmaker, Louisville, for appellant.

James A. Grider, Louisville, for appellees.

LAMBERT, Justice.

Appellant appeals as a matter of right from a Court of Appeals' order denying mandamus relief under CR 76.36. The question for this Court is whether Mandamus is available to attack a final judgment dissolving a marriage where direct appeal is proscribed by statute.

In June of 1991, appellant's husband, appellee Bernson, filed a divorce petition in the Jefferson Circuit Court. This petition was dismissed by agreement following extensive joint and individual marriage counseling during the summer and fall of that year. Joint counseling was continued through January of 1992 when appellee Bernson refiled his petition for dissolution of the marriage. Appellant filed a response and counter-petition denying that the marriage was irretrievably broken and demanding the reconciliation conference provided by KRS 403.170(2)(b).

On Motion of appellee Bernson, the trial court held a hearing on May 11, 1992, at which it considered arguments by counsel, the testimony of the husband and the record before it. The trial court determined that an additional reconciliation conference would be superfluous in light of the extensive counseling which had already occurred. Moreover, based on the affidavits and the testimony of the husband, the trial court found that the marriage was irretrievably broken. A Decree dissolving the marriage was entered and all other issues were reserved.

Appellant brought a Mandamus action in the Court of Appeals seeking to: (1) set aside the divorce decree; (2) vacate the

trial court's finding that the marriage was irretrievably broken; and (3) prevent the trial court from making another such finding until a reconciliation conference had been held.

Appellant contended that the trial court's failure to grant a reconciliation conference was error contrary to both the language of KRS 403.170, and the purpose and policy set forth in the preamble to the Kentucky No-fault Divorce Act. Furthermore, it was contended that the trial court erred in finding the marriage to be irretrievably broken. In its order denying Mandamus under CR 76.36, the Court of Appeals determined that the trial court acted fully within its discretion as authorized under KRS 403.-170, and that its findings were not clearly erroneous.

■■■ Upon review of a decision of the Court of Appeals in an action for extraordinary relief it must be remembered that such relief is available only in certain narrowly defined circumstances. To prevail in an action for Mandamus, where subject matter jurisdiction is conceded, an appellant must show: (1) an absence of an adequate remedy by appeal; and (2) that irreparable harm or great injustice will be suffered unless such relief is obtained. *National Gypsum Co. v. Corns*, Ky., 736 S.W.2d 325 (1987).

■■■ We first consider whether appellant has an adequate remedy by appeal. *Allen v. Walter*, Ky., 534 S.W.2d 453 (1976). The Constitution of Kentucky provides that "the general assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage." Const. of Ky. Section 115. The General Assembly has enacted such a statute in KRS 22A.020(3) which provides, "... there shall be no review by appeal or by writ of certiorari from that portion of a final judgment, order or decree of a circuit court dissolving a marriage." In *Merrick v. Smith*, Ky., 347 S.W.2d 537 (1961), we declared that the power of an appellate court to issue writs of mandamus or prohibition to lower courts will not be exercised where it appears that to do so would merely be as a substitute for an appeal where such a right has been extinguished. Appellant's petition is based on matters which ordinarily would be reviewable by direct appeal, but for the statutory provision to the contrary. To permit review in an action for mandamus would circumvent the Constitution of Kentucky and the power of the General Assembly to deny such right of review.

■■■ In addition to the foregoing, appellant has failed to make the requisite showing as to the inevitable occurrence of irreparable harm or great injustice. Implicit in this requirement is a showing that such harm was caused by the trial court's erroneous refusal to take the action which the petition seeks to compel. The record here reveals that the trial court committed no error with respect to its evaluation of the evidence or its application of the law.

■■■ The statute at issue, KRS 403.-170(2), provides the trial court with the discretion to: (a) make a finding whether the marriage is irretrievably broken; or (b) continue the matter for further hearing. A reconciliation conference is provided for only under alternative (b). *Putnam v. Fanning*, Ky., 495 S.W.2d 175 (1973). There was ample evidence to support a finding under alternative (a), as appellee Bernson both testified and submitted an affidavit that the marriage was "dead" and "irretrievably broken. On the testimony of one party that a marriage is irretrievably broken, a finding by the trial court to that effect is not clearly erroneous. KRS 403.-170.

The Court of Appeals is affirmed.

All concur.