Emory Johnny CAVENDER, Appellant,

v.

Hon. Larry MILLER, Judge, Wolfe Circuit Court, and Commonwealth of Kentucky (Real Party in Interest), Appellees.

No. 98–SC–196–MR.

Supreme Court of Kentucky.

Dec. 17, 1998.

Kelly A. Gleason, Department of Public Advocacy, Stanton, for Appellant.

A.B. Chandler III, Attorney General, Janet M. Graham, David Sexton, Assistant Attorneys General, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an order of the Court of Appeals which denied a petition for writ of prohibition and/or mandamus sought by Cavender to compel discovery of the handwritten notes of an investigating police officer.

The question presented is whether a writ of prohibition must issue because the trial judge effectively denied Cavender his right to appeal any potential conviction. Part of the question presented to this Court is whether the Court of Appeals properly denied the petition for a writ of prohibition because there was an adequate remedy at law and whether Cavender is entitled to notes containing the mental impressions and ideas of the investigating officer.

Cavender was indicted for the brutal beating and stabbing death of a woman he was romantically connected to on or about March 12, 1996. He gave a video statement to a police officer, Detective Skeans and as part of the discovery process, the Commonwealth gave Cavender a copy of the video tape. During the taping, the detective took handwritten notes. Originally, the officer denied the existence of the notes, but later testified that the notes existed and that they contained words by Cavender but also the ideas of the officer. The Commonwealth refused to produce the notes and the trial judge ruled that the notes were not discoverable under

RCr 7.24. Cavender sought relief from the Court of Appeals which denied his petition for mandamus but ordered that the officers notes be preserved. This appeal followed.

Cavender seeks a writ of prohibition to compel the production of the notes and to allow him to examine the officer on the contents of those notes at a pretrial suppression hearing. He further requests a writ prohibiting a trial of this indictment until a hearing has been conducted on this basis. He claims that the intervention of this Court is necessary in order to preserve his right to appeal any conviction and specifically to appeal the ruling denying his motion to suppress his statements. He contends that this Court should reverse the decision of the Court of Appeals because that court inaccurately denied any remedy to protect his right to appeal any conviction in this case. He claims that the Court of Appeals incorrectly described this as a discovery issue.

■ We affirm the decision of the Court of Appeals because Cavender has an adequate remedy by appeal because he will be able to challenge any question of denied discovery if he is convicted. *See Stallard v. McDonald,* Ky.App., 826 S.W.2d 840 (1992).

This Court finds no reason to reverse the decision of the Court of Appeals because the court properly denied the relief requested in view of the fact that Cavender has a remedy in the form of appeal and is not entitled to the extraordinary relief provided by a writ of prohibition or mandamus.

■ A writ of prohibition is an extraordinary remedy and should not be issued unless the petitioner demonstrates that the ordinary remedies of trial and appeal are inadequate. *Shobe v. EPI Corp.,* Ky., 815 S.W.2d 395 (1991); *Goldman v. Eichenholz,* Ky., 851 S.W.2d 463 (1993). A writ of prohibition should be issued only in order to prevent a miscarriage of justice. See *Futrell v. Shadoan,* Ky., 828 S.W.2d 649 (1992). There is no miscarriage of justice in the situation presented here, and the Court of Appeals has not acted arbitrarily or abused its discretion. *See Southeastern United Medigroup, Inc. v. Hughes,* Ky., 952 S.W.2d 195 (1997).

The Court of Appeals correctly characterized this claim as involving a discovery dispute which is not an appropriate case in which to issue an extraordinary writ. *See McDonald, supra.*

Cavender has not demonstrated that he will be irreparably injured if an extraordinary writ is not issued. *Cf. National Gypsum Co. v. Corns,* Ky., 736 S.W.2d 325 (1987).

There is an order preserving the notes of the officer and we are not persuaded by the allegations of Cavender that the police officer will not observe the order of the court in this respect.

■ RCr 7.24 specifically exempts the notes of an investigating police officer from production. In this case, Cavender already had a copy of his complete statement, and he is not entitled to the mental impressions or ideas of the officer. The trial court acted correctly in denying discovery of the notes which contain mental impressions and ideas of the police officer because they are specifically exempted by RCr 7.24(2). *See Pankey v. Commonwealth,* Ky., 485 S.W.2d 513 (1972); *See also Moore v. Commonwealth,* Ky., 634 S.W.2d 426 (1982), in which a defendant attempted to discover prior to trial "all investigative reports of police and statements of witnesses." The trial judge denied the request and this Court affirmed, stating "the information at issue comes precisely within the prohibition of this section of the rule ... the appellant is not entitled to the information sought."

The contention by Cavender that this case should be considered under RCr 7.26 is unconvincing because the officer testified at a suppression hearing. There has been no trial in this case.

The argument that because the notes were not placed in the record by avowal gives Cavender an automatic entitlement to this relief is without merit. *Gaston v. Commonwealth,* Ky., 533 S.W.2d 533 (1976), indicates that even if discovery materials are not placed in the record by avowal that a direct appeal is still a sufficient remedy. The absence of an avowal does not bar a remedy on appeal.

This murder trial was originally scheduled to begin on December 8, 1997. On December 2, 1997, Cavender filed a petition for a writ of prohibition and/or mandamus in the Court of Appeals and sought a stay of the proceedings until that court had reached the merits of the petition. The Commonwealth in its brief indicates that "indeed, the injury to the Commonwealth in delaying the trial of this case is certainly the only possible severe injury." We must agree. If the activities of counsel in this case are to be interpreted as a delaying tactic, they must be condemned. We choose not to believe that there is an intentional delay in this case. However, we would issue a word of caution that this strategy, if it is such, should not be employed in the future, except for an exceptionally good cause.

The decision of the Court of Appeals is affirmed.

COOPER, JOHNSTONE and GRAVES, JJ., concur.

STUMBO, J., concurring in part and dissenting in part by separate opinion joined by LAMBERT, C.J., and STEPHENS, J.

STUMBO, Justice, concurring in part and dissenting in part.

While I agree that a writ of prohibition is not warranted at this time, in my opinion, we should have ordered that the notes of the officer be made a part of the record below, though sealed so as to preserve the confidentiality of the officer's mental impressions. Without the notes, it will be difficult, if not impossible, to review this issue further on appeal. The notes, while ordered preserved by the trial court, cannot be reviewed by this Court or any other appellate court, otherwise. The majority recognizes the issue can indeed be addressed on appeal in the event the Appellant is convicted, but without placing the notes into the record, appellate review is impossible.

LAMBERT, C.J., and STEPHENS, J., join.