RENDERED:  MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1239-MR

TRACIE MASSIE                                                                    APPELLANT

v.                    APPEAL FROM GREENUP CIRCUIT COURT
                     HONORABLE JEFFREY L. PRESTON, JUDGE
                     ACTION NO. 17-CI-00181

DARRELL MASSIE                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Tracie Massie appeals from the Greenup Circuit Court's

order allocating assets and debts after the dissolution of her marriage to Darrell

Massie.  We affirm.

Tracie and Darrell were married in Greenup, Kentucky, on December

9, 2000.  There were no children born of the marriage.  The parties resided in a

home owned by Tracie prior to the marriage but which was still mortgaged.  Tracie

filed for dissolution on April 18, 2017.  She also sought temporary maintenance as

well as ownership of the 2014 Chevrolet Cruze. After a hearing, the circuit court entered an order granting those requests.

The final hearing was not held until December 5, 2018. Meanwhile, an order was entered on February 8, 2018, dissolving the marriage but reserving all other issues, including division of property.[1] On May 5, 2019, the circuit court ordered the parties to submit their proposed findings of fact and conclusions of law. The circuit court entered its findings of fact, conclusions of law, and order on June 18, 2019. Tracie filed a motion to alter, amend, or vacate (Kentucky Rule of Civil Procedure (CR) 59.05) on June 28, 2019, which was denied (after a hearing the previous day) on July 18, 2019. Tracie filed a notice of appeal on August 15, 2019.

We note at the outset that Tracie's brief is deficient in several aspects; namely, it fails to include an appendix (CR 76.12(4)(c)(vii)) and fails to include, at the beginning of each argument, "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). The statement of preservation is important "so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on

---

[1] *See Putnam v. Fanning*, 495 S.W.2d 175 (Ky. 1973); *accord Goldman v. Eichenholz*, 851 S.W.2d 463, 465 (Ky. 1993).

whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). In this case, we elect to ignore the deficiencies but caution counsel to avoid similar pitfalls in the future.

Tracie first argues that the circuit court erred in allowing Darrell's introduction of evidence during the final hearing when he had not complied with the ten-day disclosure rule. Tracie concedes that she failed to object to the evidence and exhibits at the hearing and did not bring her concerns to the circuit court's attention until she filed the CR 59.05 motion. "A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (footnote omitted). Moreover, the circuit allowed the parties to file post-hearing evidence, and Tracie failed to take advantage of that opportunity. We therefore decline to discuss this argument.

Tracie next contends that the circuit court abused its discretion in its allocation of assets and debts. We begin by stating the standard of reviewing an order allocating property and resolving other issues between parties dissolving their marriage. CR 52.01 provides the general framework for the circuit court as well as review in the Court of Appeals:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.] . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

*See Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (an appellate court may set aside a lower court's findings made pursuant to CR 52.01 "only if those findings are clearly erroneous."). The *Asente* Court went on to address substantial evidence:

> "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its]

-4-

reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Id.* at 354 (footnotes omitted). *See also McVicker v. McVicker*, 461 S.W.3d 404, 415 (Ky. App. 2015).

In *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010), this Court specifically addressed the standard of review for the classification of property:

> A trial court's ruling regarding the classification of marital property is reviewed *de novo* as the resolution of such issues is a matter of law. *Heskett v. Heskett*, 245 S.W.3d 222, 226 (Ky. App. 2008). We review a trial court's determinations of value and division of marital assets for abuse of discretion. *Armstrong v. Armstrong*, 34 S.W.3d 83, 87 (Ky. App. 2000) (quoting *Duncan v. Duncan*, 724 S.W.2d 231, 234-35 (Ky. App. 1987)).

KRS 403.190 provides for the assignment and division of property and provides in relevant part as follows:

> (1) In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:
>
> > (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
> >
> > (b) Value of the property set apart to each spouse;

-5-

(c) Duration of the marriage; and

(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

KRS 403.190(2)(a) defines "marital property" as "all property acquired by either spouse subsequent to the marriage except . . . [p]roperty acquired by gift, bequest, devise, or descent during the marriage and the income derived therefrom unless there are significant activities of either spouse which contributed to the increase in value of said property and the income earned therefrom[.]"

Tracie maintains that the circuit court erred in its findings and conclusions regarding three aspects of the assignment of assets and debts, namely, Darrell's pension, the marital home, and the 1955 Chevrolet pickup truck. We decline to analyze these allegations in detail other than to state that Tracie fails to make a legitimate argument in her favor on any of the findings other than to express her dissatisfaction with same. We have examined the record in its entirety (including the videotaped final hearing and the exhibits submitted by the parties) and hold that the findings were supported by substantial evidence, and the circuit court did not abuse its discretion in its determinations of value and division of marital assets. CR 52.01; KRS 403.190; *Asente*, 110 S.W.3d at 354.

Accordingly, the order of the Greenup Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:               BRIEF FOR APPELLEE:

Charles L. Douglas, Jr.            Robert Renfroe
Greenup, Kentucky                  Greenup, Kentucky