RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1337-MR

VALORIE LANEY                                                                                           APPELLANT

|   | APPEAL FROM BOYD CIRCUIT COURT |
|---|---|
| v. | HONORABLE GEORGE W. DAVIS, III, JUDGE |
|   | ACTION NO. 20-CI-00983 |

DONALD LANEY, JR.                                                                                      APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Valorie Laney ("Wife") appeals from an order of the Boyd

Circuit Court confirming the report and recommendations of the Domestic

Relations Commissioner ("DRC") in this dissolution of marriage proceeding.

After careful review of the record, briefs, and law, we affirm in part, reverse in

part, and remand for proceedings consistent with this Opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Donald Laney, Jr. ("Husband") and Wife were married in January 2012. A divorce decree was entered on January 27, 2022, pursuant to *Putnam v. Fanning*, 495 S.W.2d 175 (Ky. 1973). The parties appeared for a hearing before the DRC on May 24, 2022, to distribute their assets and debts and to determine child support. The primary issue of contention was the parties' farm. Husband had a 401k prior to the marriage that was cashed out in 2019, when the parties purchased the farm. Both parties testified all the 401k funds went toward the purchase and improvement of the farm, in addition to a loan for $10,000 that was repaid prior to entry of the decree of dissolution. Husband expressed a desire to keep the farm with the understanding he would pay Wife for her share of the value.

The DRC determined the value of the farm to be $120,000 based on appraisals entered into evidence. This is not contested on appeal. Further, the DRC calculated Husband's nonmarital contribution toward the farm to be $50,172.32. She also calculated improvements to the farm based on a limited number of canceled checks admitted into evidence, despite the uncontroverted testimony of both parties that all of Husband's 401k, consisting of both marital and nonmarital funds, went toward the farm. Ultimately, the DRC determined Wife was entitled to $19,877 as her portion of the farm. This amount was then reduced

to account for the amount Husband was owed from Wife's retirement account.[1] Wife filed exceptions to the DRC's report, but the circuit court ultimately adopted the DRC's recommended order in its entirety, and this appeal followed. Further facts will be developed as they become necessary.

## STANDARD OF REVIEW

We will only set aside a circuit court's findings of fact if they are clearly erroneous. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnote omitted). A circuit court's findings of fact are clearly erroneous if not supported by substantial evidence. *Commonwealth v. Deloney*, 20 S.W.3d 471, 474 (Ky. 2000). Substantial evidence means "[e]vidence that a reasonable mind would accept as adequate to support a conclusion and evidence that, when taken alone or in the light of all the evidence . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Moore*, 110 S.W.3d at 354 (internal quotation marks and footnotes omitted).

Further, we review a circuit court's determinations of value and division of marital assets for abuse of discretion. *Armstrong v. Armstrong*, 34 S.W.3d 83, 87 (Ky. App. 2000).

---

[1] Wife does not contest Husband's entitlement to half of her retirement account.

## LEGAL ANALYSIS

We begin by noting that Husband failed to file a brief. While we would be well within our authority to regard Husband's dereliction as a confession of error and reverse the circuit court,[2] we nevertheless address the merits of Wife's arguments.

Wife presents two arguments on appeal. First, she claims the circuit court erred by not giving her a share of the value of the Harley Davidson motorcycle. This argument is without merit and refuted by the record before us. At the outset of the hearing before the DRC, the parties entered several stipulations, including distribution of the motorcycle. Wife agreed on the record that Husband would keep the motorcycle and assume all associated debt. Accordingly, neither party presented evidence regarding either the value or outstanding debt of the motorcycle. We discern no error on the part of the circuit court.

Second, Wife contends the circuit court failed to properly apportion the tax withholdings to the marital and nonmarital funds of Husband's 401k, which

---

[2] Pursuant to Kentucky Rules of Appellate Procedure (RAP) 31(H)(3):

> If the appellee's brief has not been filed within the time allowed, the court may:
> (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

resulted in an inflated nonmarital credit toward the farm for Husband. Wife's arguments primarily focus on what she asserts were mathematical errors by the DRC. Upon review, we agree.

Husband's 401k had a value of $147,689.38 in 2019. The parties did not dispute that Husband had a nonmartial interest of $50,172.32. The remainder of the 401k was marital property, which was also undisputed.[3] After tax withholdings, Husband received $113,480 (approximately 23.16% was withheld in taxes). However, the DRC failed to reduce Husband's nonmarital portion in accordance with the tax withholdings, leading to an inflated nonmartial contribution to the farm. This error was compounded in the DRC's subsequent calculations.

The circuit court also failed to consider the undisputed testimony of both parties that the entire amount of Husband's 401k, both nonmarital and marital, was spent on the farm. Rather, the DRC relied upon a limited number of canceled checks admitted into evidence to conclude that a total of $75,019.55 was spent on the purchase of and improvement to the farm, a majority of which the DRC found was nonmarital. Although the canceled checks provide a partial

---

[3] "An item of property will often consist of both nonmarital and marital components, and when this occurs, a trial court must determine the parties' separate nonmarital and marital shares or interests in the property on the basis of the evidence before the court." *Sexton v. Sexton*, 125 S.W.3d 258, 265 (Ky. 2004) (internal quotation marks and footnote omitted).

picture of what the parties spent on the purchase and improvements, they do not tell the entire story. Husband testified that he spent "every dime" of his 401k on the farm, and Wife agreed in her testimony. Both parties detailed purchases and improvements to the farm that were not shown in the canceled checks but were undisputed.[4] The parties also agreed that they secured an additional $10,000 loan to install water and utilities. This loan was repaid during the marriage but represents an additional marital contribution to the improvement of the farm.

The DRC did not address the distribution of Husband's 401k in her recommended order. Although this suggests she recognized it was spent prior to entry of the decree of dissolution, she nevertheless failed to attribute the marital portion to the purchase and improvement of the farm, in contravention of the testimony of both parties. She also failed to consider the loan as a marital contribution.

On remand, the circuit court must reduce the nonmarital and marital portions of Husband's 401k to reflect the tax withholdings. The court must then proceed with its calculations to determine the nonmartial and marital interests pursuant to the uncontroverted evidence that Husband's entire 401k was spent on the farm.

---

[4] Examples of improvements to the farm which are not represented in canceled checks, but which the parties testified were purchased with Husband's 401k, include a 40' x 60' barn, a bush hog, a tractor, and a utility trailer.

**CONCLUSION**

Accordingly, the judgment of the Boyd Circuit Court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Sharon E. Rowsey
Ashland, Kentucky