Honorable C. Warren EATON, Special Judge, and Brian Schaefer (Intervenor), Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 21, 1978.

Rehearing Denied April 11, 1978.

**638**

H. Paul Haynes, Frank E. Haddad, Jr., Louisville, for appellants.

David L. Armstrong, Commonwealth's Atty., Scott T. Wendelsdorf, Asst. Commonwealth's Atty., Louisville, Robert F. Stephens, Atty. Gen., Frankfort, for appellee.

JONES, Justice.

The principal question for decision is whether an order of prohibition is available to test a discretionary ruling of a trial court in a pending criminal action.

Brian Schaefer was indicted for the offense of bribing a witness. Prior to trial, Schaefer's counsel made a motion to exclude from evidence a tape-recorded conversation between Schaefer and a Jefferson County narcotics officer. Honorable Benjamin Shobe, the presiding judge, granted the motion and ruled the tape-recorded conversation inadmissible.

The Commonwealth sought an order of prohibition from the Court of Appeals restraining the trial court from suppressing the tape. A temporary order by one judge of the Court of Appeals granted prohibition on June 10, 1977. On August 5, 1977, the temporary order was upheld by a three-judge panel of the Court of Appeals. The Court of Appeals ruled in effect that the trial court had no authority to exclude the tape-recorded conversation as a result of an illegal search and seizure. In its opinion and order entered August 5, 1977, the Court of Appeals held that, "The trial court's pretrial order suppressing the Commonwealth's evidence [is] reviewable by the Court of Appeals in an original action for a writ of prohibition sought by the Commonwealth." The Court of Appeals held also that the trial court (Shobe) improperly interpreted Sec. 10 of the Kentucky Constitution as it affects warrantless participant monitoring in excluding the tape.

On August 15, 1977, Judge Shobe filed a motion with the Court of Appeals to reconsider the opinion and order granting the order of prohibition. Schaefer also filed a "motion to join in and adopt the motion to reconsider."

On September 6, 1977, the Court of Appeals denied those motions. On September 9, 1977, Judge Shobe filed a notice of appeal to this court. On September 14, 1977, he reassigned the case of *Commonwealth v. Schaefer* for trial on November 30, 1977. However, on October 25, 1977, the Chief Justice of this court, acting on the affidavit of the Commonwealth, filed pursuant to KRS 22A.020, disqualified Judge Shobe and the Honorable C. Warren Eaton was designated as Special Judge to preside at Schaefer's trial. On December 7, 1977, this court, on its own motion, designated the Honorable C. Warren Eaton as an appellant. At that time this court anticipated that there might otherwise be some question as to whether any order the Court of Appeals or this court made with respect to the Honorable Benjamin Shobe would be binding on Judge Eaton.

On November 29, 1977, Special Judge C. Warren Eaton assigned the case of the *Commonwealth v. Brian W. Schaefer* for trial on February 21, 1978.

■ The order of prohibition is an extraordinary remedy available only in certain narrowly defined circumstances. It is not available to control the discretionary acts of a trial court within its jurisdiction.[1] In this case the trial court was ruling upon the admissibility of evidence. That was a matter clearly within his jurisdiction. The fact that his ruling may have been erroneous does not remove the jurisdictional basis for his action. This court many years ago stated:

"No question is better settled in this jurisdiction than that the writ of prohibition will not lie to restrain an inferior court from acting within its jurisdiction, however erroneous its action may be; and this is true although the party seeking the writ is without right of appeal."

---

1. *Smith v. Shamburger, Judge*, 314 Ky. 850, 238 S.W.2d 844 (1951); *Kaufman v. Humphrey, Circuit Judge*, Ky., 329 S.W.2d 575 (1959).

*Gordon v. Tracy, Circuit Judge,* 194 Ky. 166, 238 S.W. 395 (1922).

The Commonwealth attaches great significance to the fact that no remedy of appeal is available. The Court of Appeals in its opinion and order emphasized that fact also. It is evident that the Commonwealth anticipates Special Judge Eaton's ruling on the admissibility of the evidence to be the same as the ruling of Judge Shobe. It may be the same, yet, the evidence might be viewed differently by Judge Eaton. It is true that the exclusion of the tape at trial would possibly result in a dismissal of the Commonwealth's case. However, this possibility does not permit an appellate court to disturb the discretionary ruling of a trial court acting within its jurisdiction. The United States Supreme Court has said:

> "Nor are the considerations against appealability made less compelling as to orders granting motions to suppress, by the fact that the Government has no later right to appeal when and if the loss of evidence forces dismissal of its case." *Dibella v. U. S.,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

■ A Commonwealth's Attorney seeking an appeal of discretionary rulings within a trial court's jurisdiction has a remedy. See KRS 22A.020(4). Here the Commonwealth did not pursue this statutory avenue. In this connection, this court construes the term "proceedings" as used in KRS 22A.020(4)(a) as referring to proceedings after the attachment of jeopardy. Unless the constitutional right to a speedy trial were unduly threatened, we see no reason why an interlocutory "ruling" entered prior to trial, if it decides a matter vital to the Commonwealth's case, could not be reviewed by appeal.

This court has reviewed the entire record and is of the view that an order of prohibition is not available to test the discretionary rulings of a trial court acting within its jurisdiction. His circuit is his domain. He has the right to rule on the admissibility or the inadmissibility of evidence although the ruling may be erroneous.

The judgment of the Court of Appeals granting an order of prohibition is reversed. The motion for an order of prohibition is denied.

All concur.