Timothy TIPTON, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 87–CA–2522–DG.

Court of Appeals of Kentucky.

March 24, 1989.

Rehearing Denied May 26, 1989.

---

**240**

Burr J. Travis, Busald Funk Zevely P.S.C., Florence, for appellant.

Frederic J. Cowan, Atty. Gen., Michael L. Schulkens, Paul H. Twehues, Jr., Newport, and Michael L. Williams, Covington, for appellee.

Before McDONALD and WEST, JJ., and WHITE, Special Judge.

McDONALD, Judge.

This matter is before us on discretionary review of a judgment of the Campbell Circuit Court in an appeal from a ruling of the Campbell District Court. The district court ruled that the Commonwealth could not admit the breathalyzer results of Timothy Tipton nor his prior conviction of driving under the influence (DUI) at the trial of his current DUI charge. The circuit court reversed. The facts are as follows:

On January 12, 1987, the Campbell County police arrested Timothy Tipton, noting on the citation:

Driving under the influence breathalyzer 2000 results .16%

On a prior occasion, June 1, 1984, in Grant County, Timothy Tipton was arrested for speeding and DUI. His breathalyzer results showed a reading of .11%. Tipton entered a plea of guilty on July 7, 1984; however, his plea was entered by his attorney pursuant to RCr 8.28(4). Admitted by all, Tipton was at his job, desiring not to lose time from his employment to go to court. The plea agreement was signed by his lawyer.

After the second and current arrest but prior to his district court trial, Tipton moved for a suppression hearing to (1) set aside his prior conviction on the grounds that the plea of guilty entered was in violation of RCr 8.08 and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because the trial court did not establish the guilty plea of Tipton was entered knowingly, intelligently and voluntarily before accepting it; and (2) that the breathalyzer test results of the second arrest should be suppressed because the police officer did not comply with *Chemical Test*

*Manual for Kentucky* § 8.8B(3) which provides as follows:

20 Minute Observation Period

. . . . .

The operator must observe the defendant at all times during this period in order that he can testify positively that during this 20 minute observation period defendant had nothing to eat or drink, did not regurgitate or smoke.

The district court, without separate findings of fact, entered an order suppressing the prior DUI conviction because the record failed to reveal that Tipton was cognizant of his rights, and because his counsel, who entered his plea and signed the plea form for Tipton, only assumed that he explained to Tipton his rights. *Boykin, supra*, was not complied with in fact. Secondly, the breathalyzer results of the second charge were also suppressed because the police officer did not comply with the 20–minute observation requirement.

The Commonwealth appealed both rulings to circuit court. In its statement of appeal, the Commonwealth said the appeal was pursuant to Section 115 of the Kentucky Constitution and KRS 22A.020.

In reversing the district court, the circuit court adjudged that Tipton's attorney informed him of all his constitutional rights and that Tipton's decision not to attend the plea hearing constituted a waiver. Also it determined the plea was done in conformity with RCr 8.28(4) wherein for misdemeanors the court may accept a plea of guilty in the defendant's absence. Finally, the circuit court ruled that "eyeball to eyeball" observation for 20 minutes by the officer is not required by law as ruled by the district court; therefore, it held the breathalyzer results to be admissible.

From the circuit court judgment we granted Mr. Tipton's motion for discretionary review. We have no transcript of the testimony or findings of fact from district court.

■ Tipton's first assignment of error is that the circuit court did not have jurisdiction to entertain the interlocutory appeal from the district court. We are persuaded

that the procedure to the circuit court was jurisdictionally defective. First, the notice of appeal stated that the appeal was made pursuant to KRS 22A.020. Procedurally, this is not proper because the statute governs appeals from circuit court to the Court of Appeals exclusively. Unquestionably, KRS 22A.020 provides for interlocutory appeals but only *from* circuit court, not *to* circuit court from district court. The proper procedure for appeals from district court is governed by KRS 23A.080, and therein we see no corollary to KRS 22A.020(4) authorizing an interlocutory appeal by the Commonwealth.

KRS 22A.020(5) may hint of a review procedure but it would apply only in that a party aggrieved by the judgment of a circuit court on an appeal of an interlocutory order in a criminal case could seek discretionary review in the Court of Appeals to have the circuit court decision vacated as being beyond the circuit court's jurisdiction. This is the type of action similar to action taken by the Supreme Court in cases where the Court of Appeals has undertaken review of a circuit court judgment which was not final or otherwise appealable. *See Hook v. Hook*, Ky., 563 S.W.2d 716 (1978), and *Hale v. Deaton*, Ky., 528 S.W.2d 719 (1975). The legislature's use of the phrase "writ of certiorari" in the statute is merely loose language which simply expresses the equivalent of discretionary review.

The Commonwealth argues that KRS 23A.080(1) authorizes a direct appeal to circuit court from "any final action" of the district court, and that the suppression ruling of the breathalyzer results and prior conviction was a final action. The phrase "final action" is not so limited as "final order," "final decision" or "final judgment." We reason that the legislature did not intend anything significant by the word "action" instead of "judgment" or its equivalent. The emphasis is on the word "final." So the legislature did not authorize interlocutory orders to be reviewable by direct appeal. While we are persuaded that the Commonwealth cannot properly get the review it sought and obtained, we equally believe some vehicle for review of such interlocutory district court rulings should be available. Otherwise, the Commonwealth may be forced to trial without vital evidence or with some other significant prejudice to its case, as shown herein.

■ In our opinion, review of district court rulings is available through an original proceeding for relief in the nature of mandamus or prohibition in the appellate court, herein the circuit court. *See* SCR 1.040(6). CR 81 allows the old remedy by writs of mandamus and prohibition to be obtained by an original action in the appropriate court. This is not an immediate and direct interlocutory appeal to the appellate court but an original action. Procedurally, review is granted, thereby comporting with KRS 23A.080(2) which says, "The circuit court may issue *all* writs necessary in *aid* of its *appellate jurisdiction....*" (Emphasis added.)

However, the standard of review is different. Under the direct and interlocutory appeal approach, the standard of review is whether the trial court's ruling is supported by findings that are of record, and whether such findings were clearly erroneous or the trial court abused its discretion.

■ The standard applied in original actions seeking mandamus or prohibition type relief is much different. To obtain relief in the nature of a writ of prohibition, a petitioner must show that: (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no adequate remedy by appeal, or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result. The issuance of the writ is only under exceptional circumstances in order to prevent a miscarriage of justice. *See Murphy v. Thomas*, Ky., 296 S.W.2d 469 (1956); *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981); and *Graham v. Mills*, Ky., 694 S.W.2d 698 (1985). The order is not issued against nonjudicial litigants. *City of Danville v. Wilson*, Ky., 395 S.W.2d 583 (1965).

■ Reasoning laterally, we are also of the opinion that "in aid of its appellate

jurisdiction," as found in KRS 23A.080(2), the circuit court inherently has the power to issue such writs, as the same was determined in *Francis v. Taylor*, Ky., 593 S.W. 2d 514 (1980), for the Court of Appeals when it issues a writ of mandamus.

We believe our holding in no way offends *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978). In *Eaton* our Supreme Court said:

> The order of prohibition is an extraordinary remedy available only in certain narrowly defined circumstances. It is not available to control the discretionary acts of a trial court within its jurisdiction. [Footnote deleted.] In this case the trial court was ruling upon the admissibility of evidence. That was a matter clearly within his jurisdiction. The fact that his ruling may have been erroneous does not remove the jurisdictional basis for his action.
>
> . . . .
>
> A Commonwealth's Attorney seeking an appeal of discretionary rulings within a trial court's jurisdiction has a remedy.

See KRS 22A.020(4). Here the Commonwealth did not pursue this statutory avenue. In this connection, this court construes the term "proceedings" as used in KRS 22A.020(4)(a) as referring to proceedings after the attachment of jeopardy. Unless the constitutional right to a speedy trial were unduly threatened, we see no reason why an interlocutory "ruling" entered prior to trial, if it decides a matter vital to the Commonwealth's case, could not be reviewed by appeal.

The instant case is distinguishable from that in *Eaton* as the Commonwealth has no statutory avenue for review by interlocutory appeal under KRS 23A.080; therefore, an original action seeking relief in the nature of mandamus or prohibition is the only avenue available. In conclusion, we agree with Tipton that the circuit court lacked jurisdiction to take the interlocutory appeal.

We will share our thoughts on the substantive issues presented because of the lack of direction and misdirection of the law on the points raised, which are of great concern to our trial courts.

■■■■■ This panel of the Court is of the opinion that a plea of guilty taken from someone other than the defendant does not comply with *Boykin, supra*. This is so, even in the light of RCr 8.28(4) permitting pleas in absentia. RCr 8.28(4) is discretionary, and we consider it an abuse of discretion to accept a plea of guilty in absentia for any offense, such as driving under the influence, for which an enhanced penalty may be imposed for subsequent convictions. The mandates of *Boykin* overshadow the procedural latitude that misdemeanors are granted in RCr 8.28(4). Reasoning that *Boykin* applies, then if a first offense DUI was pled under RCr 8.28(4), as herein, the Commonwealth could never properly get a conviction of a defendant with a second offense under KRS 189A.010(2)(b). We do not believe that a rule of procedure can frustrate a criminal statute in that manner. The district court ruled properly on this point.

■■■ By joint motion, this Court dismissed the last issue asserted in this appeal which, by the way, was an issue that concerned the court in granting the discretionary review; therefore, by way of dicta we will express our feelings about the 20–minute observation rule. This is commonly called the "eyeball" rule. There was no finding by the district court that the officer left the presence of Tipton. If the officer had left the presence of Tipton, *Owens v. Commonwealth*, Ky., 487 S.W.2d 897 (1972), would have been violated. However, so long as the officer can observe by a presence-sense perception of the arrestee, the standard operating procedures are met. The circuit court correctly remarked that the operator need not stare at the arrestee for 20 minutes.

For the reasons stated, the judgment of the Campbell circuit court is vacated, and the circuit court is directed to remand the case to district court for trial on the merits.

All concur.