Tim FUTRELL, Appellant,

v.

William L. SHADOAN, Special Judge,
Trigg Circuit Court and Appellee.

Commonwealth of Kentucky; W. Howell
Hopson and Geneva Parris, Real
Parties in Interest.

No. 91–SC–998–MR.

Supreme Court of Kentucky.

April 9, 1992.

David F. Broderick, C. Terrell Miller, Broderick, Thornton & Pierce, Bowling Green, for appellant Tim Futrell.

William Shadoan, Sp. Judge, Cadiz, for appellee Judge Shadoan.

Chris Gorman, Atty. Gen., Paul W. Richwalsky, Jr., Asst. Atty. Gen., Sp. Prosecutions Div., Frankfort, Charles E. English, Janet Jobe Crocker, English, Lucas, Priest and Owsley, Bowling Green, for appellees and real parties in interest.

## OPINION OF THE COURT

Appellant, Tim Futrell, appeals as a matter of right a unanimous order of the Court of Appeals which denied his petition for a writ of prohibition. We affirm.

Appellant, an attorney during the time of the occurrences referred to herein, maintained law offices in Hopkinsville and Cadiz. He became the subject of a criminal investigation in the fall of 1990, which was conducted jointly by the Attorney General's office and the Kentucky State Police. Several civil actions had been filed against Mr. Futrell by clients alleging misrepresentation of settlement funds recovered on behalf of his clients and included allegations of forgery and/or unauthorized negotiation of settlement checks. Investigators sought interviews with Mr. Howell Hopson and Ms. Geneva Parris, attorneys, to ascertain what information these parties may have had concerning the offenses. In December 1990, search warrants were obtained and executed for appellant's law office and his residence and during the execution of the search warrant at appellant's law office an effort was made to interview Hopson and Parris. These parties were willing to cooperate, but were reluctant to do so as there was an ancillary civil action in federal court involving these parties wherein Futrell had alleged the existence of an "attorney/client relationship" between them.

In July 1983, Futrell and the appellee, Howell Hopson, began practicing law together in Cadiz and Oak Grove, Kentucky. Subsequently the appellee, Geneva Parris, joined the practice in April of 1985. Initially, the professional relationship among the three attorneys was structured as a part-nership with some limitations and then, in February 1990, the relationship was restructured to that of an association with continued expense sharing. All professional relationships appear to have been completely severed in August of 1990.

During the three attorneys' relationship, they represented each other in three specific matters unrelated to the underlying criminal charges and pending civil cases. Specifically, Futrell represented Hopson in a child visitation dispute, and Hopson rendered services to Futrell involving issues that developed post-decree between Futrell and his second wife. Geneva Parris represented Futrell in an estate controversy that developed subsequent to Futrell's appointment as co-administrator of a decedent's estate. These matters had concluded by the time events concerning Futrell's professional malpractice began to unravel in the summer of 1990.

Conversations occurred among the three attorneys and at Futrell's suggestion one of the conversations between him and Hopson was recorded for the benefit of the absent Parris. Appellant contends that confidential disclosures were made to Hopson during this conversation regarding the malpractice claims and that an attorney/client relationship was established. Hopson disputes the attorney/client relationship and related Futrell's reference to his lawyer as being someone else.

After the return of indictments against Futrell, the Commonwealth filed a motion for entry of an order permitting access and interviews with Hopson and Parris and an evidentiary hearing was conducted in September 1991 before appellee, Judge William Shadoan, acting as special judge. The trial court determined that an attorney/client privilege did not exist between Futrell and attorneys Howell Hopson and Geneva Parris, but found that Parris had represented Mr. Futrell in his capacity as co-administrator of the Parrott Estate in a case styled McMillan v. Parrott (McCracken Circuit Court, Civil Action 87–CI–632). Additionally the court found that Hopson represented Futrell in a matter styled Futrell v. Futrell

(Trigg Circuit Court, Civil Action 89–CI–001). In these two actions only, the attorney/client privilege was held to exist. The court, by its order, permitted the Commonwealth to interview the attorneys and to be provided with a copy of the transcript of the tape recorded meeting between Futrell and Hopson.

The issue before this Court is whether Futrell is entitled to relief under CR 76.36. Hopson and Parris seek affirmance of the trial court's decision. In the alternative, they would limit any modification of the ruling to the criminal cases alone. The appellant has stressed that he sought legal advice from both Hopson and Parris and that they were his professional legal advisors and that his communications to the parties were made in confidence.

 For the appellant to obtain relief in the nature of a writ of prohibition, he must have shown that: (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and that there is no adequate remedy by appeal, or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result. Issuance of the writ is only under exceptional circumstances in order to prevent a miscarriage of justice. *Tipton v. Commonwealth*, Ky.App., 770 S.W.2d 239 (1989). The writ of prohibition may be used by the court in a discretionary manner and only when the situation is so exceptional that there is no other adequate remedy at law to prevent a miscarriage of justice. *Graham v. Mills*, Ky., 694 S.W.2d 698 (1985); *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981).

 The controversy arises herein as appellant seeks to exclude testimony and other evidence from the Commonwealth, Hopson and Parris. This is an evidentiary dispute and rulings thereon come clearly within the authority of the trial court. Erroneous rulings may be remedied by appeal. *Smith v. Shamburger*, 314 Ky. 850, 238 S.W.2d 844 (1952); *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978). Appellant has not provided any additional details

herein nor explanation as to how such information is critical to his defense. Prohibition is generally denied when there is an adequate remedy by appeal. *Shumaker v. Paxton, supra.*

 Appellant's reliance upon Supreme Court Rule 3.130(1.6)(a) and *Prichard v. United States*, 181 F.2d 326 (6th Cir.1950), does not, in this case, preclude the revelation of the communications between the associated attorneys. The trial court had determined from the record, which supports his decision, that the attorney/client relationship did not exist, with the exception of two unrelated cases. The privilege of the relationship is an obstacle to the fact finding process and is to be strictly confined within the narrowest possible limits consistent with the logic of its principle. Wigmore's *Treatise on Evidence*, § 2291. Establishing attorney/client privilege lies with the appellant and Futrell has failed to meet the burden and establish that the communications made by him to his business associates are to be excluded as privileged and as if made in the course of professional employment. As the communications in question cannot be said to fall within the scope of professional employment of the attorney as an attorney, the privilege may not be invoked. *Hughes v. Meade*, Ky., 453 S.W.2d 538 (1970). Attorneys may testify as to matters affecting a client so long as such matters do not relate to confidential communications. *Hyden v. Grissom*, 306 Ky. 261, 206 S.W.2d 960 (1947). The trial court, as we, concludes that the conversations were, at most, business discussions and with the attorneys acting as partners and/or associates rather than as attorneys in a professional capacity.

Futrell's additional reliance upon Supreme Court Rule 3.130(1.6)(a) is found to be without direct application upon the confidential communications protected under the attorney/client privilege. The *entire* ethical rule reflects such information that a lawyer may reveal to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or

civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client, or to comply with other law or a court order. Appellees categorized 3.130(1.6)(b) of the Supreme Court Rules as a self-defense exception to an attorney's ethical responsibility to preserve the confidentiality of all client information. Utilization of the Rule by either party is predicated upon a finding that an attorney/client relationship actually existed.

Returning to the facts of this case, the conversations among the three business associated attorneys and the inquiry and concern of Hopson and Parris over the developing malpractice litigation was completely unrelated to legal representation of Futrell. While repose as between attorneys may be something much to be desired, the utilization of an attorney as a shield to minimize or conceal transactions involving malpractice issues or criminal matters is beyond the scope of professional duties and beyond the scope of privilege. *Hughes v. Meade, supra.*

The Court of Appeals' order denying appellant's motion for a writ of prohibition is affirmed.

All concur.