**COMMONWEALTH of Kentucky, Appellant,**

v.

**Hon. C. René WILLIAMS, Judge, Union District Court; and, Monte Luke Pride, Appellees.**

**No. 1998–CA–001890–MR.**

Court of Appeals of Kentucky.

June 4, 1999.

Albert B. Chandler, III, Attorney General, Shawn C. Goodpaster, Assistant Attorney General, Frankfort, Kentucky, for appellant.

Brucie W. Moore, Morganfield, Kentucky, for Monte Luke Pride.

Before: GUDGEL, Chief Judge, GUIDUGLI and KNOX, Judges.

*OPINION*

KNOX, Judge.

The Commonwealth appeals an order of the Union Circuit Court dismissing its petition for a writ of prohibition. Having reviewed the record, briefs of counsel and applicable law, we reverse and remand.

This matter originated in the Union District Court as a driving under the influence (DUI) case. The district court ruled that the Commonwealth could not introduce the results of the defendant's blood alcohol test or any other evidence obtained following a law enforcement officer's entrance into defendant's home. The underlying facts are as follows:

On December 6, 1997, at approximately 6:30 p.m., State Trooper Tim Rascoe (Trooper Rascoe) was dispatched to an automobile accident at the intersection of highways 950 and 853 in Union County. The dispatcher reported a vehicle upside down in a ditch. Upon arriving at the scene, Trooper Rascoe was informed by ambulance personnel that the vehicle was unoccupied. Having run a check on the license plate, Trooper Rascoe learned Monte Luke Pride (Mr. Pride) was the owner of the wrecked vehicle. Further, through personal knowledge, Trooper Rascoe realized Pride lived nearby. Trooper Rascoe then proceeded to the Pride residence.

The events following the officer's arrival are the source of contention in this matter. According to Trooper Rascoe, upon arriving at the residence, Mr. Pride's wife (Mrs. Pride) was in the family carport, preparing to run an errand. He stated that he told Mrs. Pride he needed to speak to her husband and when she asked why, he told her "about the accident." Trooper Rascoe contends Mrs. Pride responded her husband was inside the house and invited him to "come on in." When Mr. Pride emerged from the rear of the house, Trooper Rascoe detected alcohol on his breath and inquired as to whether he had been drinking. Following a brief conver-

sation, Trooper Rascoe placed Mr. Pride under arrest for DUI and took him to the local hospital for a blood test. The test revealed Mr. Pride's blood alcohol level was 0.27.

Mrs. Pride disputed this account of the events. She purported that, when Trooper Rascoe approached her, he merely inquired whether her husband was home and whether he had been drinking. She contends there was never any mention of an accident, rather, Trooper Rascoe asked to speak with Mr. Pride, and when she said she would go inside and get him, the officer followed her indoors, uninvited.

Mr. Pride moved to suppress the blood alcohol test claiming it was obtained in violation of his Fourth Amendment rights under the United States Constitution and Section 10 of the Kentucky Constitution. The district court held a hearing on the matter and concluded, in part:

> For an officer to enter a persons [sic] home for the purpose of executing arrest or further investigation, the officer must either have the consent of the resident, obtain an arrest warrant, obtain a search warrant, or have exigent circumstances to enter without a warrant. Whether or not this officer had consent to enter the residence is questionable. It is undisputed he did not have an arrest warrant or a search warrant. The only other lawful basis for the officer to enter the Defendant's home was upon existence of exigent circumstance to justify the entry and the Court is of the opinion that no exigent circumstance existed to justify the entry.

Ultimately, the district court suppressed any evidence obtained following the entry into Mr. Pride's home. The Commonwealth sought relief through a petition for a writ of prohibition in the Union Circuit Court. On July 9, 1998, the circuit court dismissed the petition by way of an order stating, in part:

> Our courts have held that prohibition is an extraordinary remedy available only in certain narrowly defined circumstances and that rulings upon the admissibility of evidence is not one of those circumstances. *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 [1978;] *Tipton v. Commonwealth*, Ky.App., 770 S.W.2d 239 [1989].

We have carefully reviewed the *Eaton* and *Tipton* decisions and believe the circuit court mistakenly interpreted the holdings and appropriate application of these cases. The basic tenets of *Eaton* instruct that where the Commonwealth seeks relief from the discretionary rulings within the trial court's jurisdiction, the proper avenue of redress is vis à vis an appeal, not through a petition for writ of prohibition. *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637, 639 (1978). This remedy is found in KRS 22A.020(4) addressing jurisdiction and the appellate process *from circuit court to this Court*. The Court reasoned:

> Unless the constitutional right to a speedy trial were unduly threatened, we see no reason why an interlocutory "ruling" entered prior to trial, if it decides a matter vital to the Commonwealth's case, could not be reviewed by appeal.

*Id.*

*Tipton* is readily distinguishable in that the issue before the Court was the procedural method applicable for an interlocutory appeal *from the district court to the circuit court*. KRS 23A.080, the statute addressing appeals from district to circuit court, makes no provision for interlocutory appeals.[1] Rather, the only circumstance under which an appeal may be taken from the district court is following a "final" or-

---

1. KRS 23A.080 provides:
   Appeals from District Court—Issuance of writ by Circuit Court.—(1) A direct appeal may be taken from District Court to Circuit Court from any final action of the District Court.

   (2) The Circuit Court may issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause within its appellate jurisdiction.

der. KRS 23A.080(1). In *Tipton,* this Court determined that, although the Commonwealth did not have a remedy available under KRS 23A.080, some avenue of relief should be open for review of interlocutory district court rulings. We stated:

> In our opinion, review of district court rulings is available through an original proceeding for relief in the nature of mandamus or prohibition in the appellate court, herein the circuit court. *See* SCR 1.040(6). CR 81 allows the old remedy by writs of mandamus and prohibition to be obtained by an original action in the appropriate court. This is not an immediate and direct interlocutory appeal to the appellate court but an original action. Procedurally, review is granted, thereby comporting with KRS 23A.080(2) which says, "The circuit court may issue *all* writs necessary in *aid* of its *appellate jurisdiction* . . . ."

▮ *Tipton v. Commonwealth,* Ky.App., 770 S.W.2d 239, 241 (1989) (alteration in original). "[T]herefore, an original action seeking relief in the nature of mandamus or prohibition is the only avenue available [for interlocutory review]." *Id.* at 242.

▮ In conclusion, the circuit court is without jurisdiction to take an interlocutory "appeal" from district court as the proper method of procedure is through an original action seeking a writ of mandamus or prohibition. *Id.* Conversely, where a ruling of the circuit court is vital to the Commonwealth's case, the Court of Appeals is without jurisdiction to entertain a writ of prohibition as the proper method of review is by an interlocutory appeal. *Eaton,* 562 S.W.2d at 639.

▮ The instant case is indistinguishable from *Tipton.* Consequently, the Commonwealth's only vehicle for review of the district court's ruling was an original action in circuit court seeking prohibition. However, the standard of review is much different. Rather than determining whether the trial court's ruling is supported by the findings of record, and whether such findings are clearly erroneous or an abuse of discretion, the standard applied in an original action for mandamus or prohibition differs significantly. *Tipton,* 770 S.W.2d at 241.

> To obtain relief in the nature of a writ of prohibition, a petitioner must show that: (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no adequate remedy by appeal, or (2) the lower court is about to act incorrectly, *although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result.* The issuance of the writ is only under exceptional circumstances in order to prevent a miscarriage of justice.

> Reasoning laterally, we are also of the opinion that "in aid of its appellate jurisdiction," as found in KRS 23A.080(2), the circuit court inherently has the power to issue such writs, as the same was determined in *Francis v. Taylor,* Ky., 593 S.W.2d 514 (1980), for the Court of Appeals when it issues a writ of mandamus.

*Id.* at 241–242 (Citations omitted) (emphasis added).

▮ We are mindful of the oft-cited language employed by our Supreme Court in *Eaton* to the effect that an order of prohibition "is not available to control the discretionary act of a trial court within its jurisdiction." *Eaton,* 562 S.W.2d at 638. (Footnote omitted). However, we believe *Tipton* clearly identifies the two cases as distinguishable in that an interlocutory method of appeal is available from circuit court, whereas an appeal is available only in the instance of a final ruling from district court. However, where the petitioner can establish either the district court lacks jurisdiction, or even though vested with jurisdiction, the district court's ruling will result in great injustice or irreparable harm and there is no other avenue of appeal, the circuit court will entertain an original action for mandamus or prohibition.

In accordance with the above analysis, we believe the circuit court incorrectly dis-

missed the Commonwealth's petition for a writ of prohibition. It is unquestionable the district court retains jurisdiction over DUI matters under KRS Chapter 189A. Consequently, on remand the circuit court shall determine whether the Commonwealth has shown the lower court's action, in suppressing the evidence, will result in great injustice and irreparable injury. As was recognized in *Tipton*, this form of interlocutory review is available from district court rulings "[o]therwise, the Commonwealth may be forced to trial without vital evidence or with some other significant prejudice to its case...." *Tipton*, 770 S.W.2d at 241. We neither intend nor imply that in every instance where the loss of evidence forces dismissal of the Commonwealth's case the result amounts to irreparable harm justifying the issuance of a writ. Rather, "[t]he issuance of the writ is only under exceptional circumstances in order to prevent a miscarriage of justice." *Id.* Should the circuit court conclude the district court's ruling accords with the laws of this Commonwealth, the decision should not be disturbed.

According to the principle set forth in *Tipton*, as discussed herein, the order of the Union Circuit Court dismissing the Commonwealth's petition for writ of prohibition is reversed, and the matter remanded for further proceedings consistent with this opinion.

ALL CONCUR.