**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Domini Jermayle BLINCOE, Appellee.**

**No. 1999–CA–002143–MR.**

Court of Appeals of Kentucky.

Dec. 1, 2000.

Albert B. Chandler, III, Attorney General, Teresa Young, Special Assistant Attorney General, Louisville, KY, for Appellant.

J. David Niehaus, Daniel T. Goyette, Louisville, KY, for Appellee.

Before BARBER, BUCKINGHAM and MILLER, Judges.

### OPINION

BARBER, Judge:

The appellant, Commonwealth of Kentucky, (Commonwealth) appeals the dismissal by the trial court of an indictment against the appellee (Blincoe). A witness had invoked his Fifth Amendment rights when asked to testify at trial. The Commonwealth claims that the witness is the only individual who can link Blincoe to the charged offense. An appeal of the interlocutory order entered by the trial court is pending before this Court.

The appeal of the interlocutory order was filed on May 10, 1999. On May 21, 1999, the trial court issued an order stating that the case would be dismissed in sixty days if the Commonwealth did not proceed to trial. The Commonwealth failed to seek intermediate relief from the Court of Appeals pursuant to CR 76.33 following entry of the trial court's order. The record shows that the Commonwealth took no steps to avoid dismissal of the action. As the Commonwealth refused to try Blincoe until the appeal of the interlocutory order was final, the trial court dismissed the criminal action without prejudice on August 5, 1999. The Commonwealth appeals this order of dismissal.

The Commonwealth asserts that the trial court did not have jurisdiction to dismiss the case without prejudice. At the

time the case was dismissed, the Commonwealth was appealing the interlocutory order in *Commonwealth v. Domini Jermayle Blincoe*, 34 S.W.3d 822. The Commonwealth claims that the pendency of that appeal transferred jurisdiction over the entire case from the circuit court to the appellate court, pursuant to *Hoy v. Newburg Homes, Inc.*, Ky., 325 S.W.2d 301, 302 (1959). The general rule is that the taking of an appeal divests the trial court of jurisdiction to proceed further. *Commonwealth v. Hayes*, Ky., 734 S.W.2d 467 (1987). A circuit court, however, is vested with some continuing jurisdiction over a criminal matter, and retains "inherent jurisdiction to do all things reasonably necessary to the administration of justice in the case before it." *Smothers v. Lewis*, Ky., 672 S.W.2d 62, 65 (1984). It is true that the trial court's jurisdiction over matters on appeal is necessarily divested when an appeal is perfected. *See Commonwealth v. Bailey*, Ky., 259 S.W.2d 49 (1953). However, an appeal from a particular order or judgment does not bring the entire case into the appellate court. *Garnett v. Oliver*, Ky., 242 Ky. 25, 45 S.W.2d 815, 816 (1931). The earlier appeal in this matter was an appeal from an interlocutory order, and brought only one issue of a multifaceted action before this Court. For this reason, the trial court still had jurisdiction over trial of the matter, but not over the specific single issue raised before the Court of Appeals.

■ KRS 22A.020(4) states that:

An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the Circuit Court, but only under the following conditions:

(a) Such appeal *shall not* suspend the proceedings in the case.

*Id.* (emphasis supplied). Based upon this statute, the trial court ruled that in the present case delaying trial of this matter until after the Court of Appeals issued a final ruling would suspend the proceedings, and it therefore held that the trial

could not be delayed. This ruling was logical, in that awaiting a Court of Appeals decision could take as long as a year, during which time Blincoe would presumably have to sit in jail or be out on bail and under indictment, with no determination of his guilt or innocence being made. That result would clearly be unjust if he is innocent, a possibility not noted by the Commonwealth. The Commonwealth cannot delay trials at will, requiring citizens to remain imprisoned or at least under indictment until such time as the Commonwealth consents to trial.

Blincoe asserts that KRS 22A.020 specifically provides that an interlocutory appeal "shall not suspend the proceedings in the case". This statute was cited and relied upon by the trial court in dismissing the action without prejudice for failure by the Commonwealth to proceed to trial in a timely fashion. This statute specifically refers to suspension of a trial, but Blincoe argues that it should apply to pretrial proceedings as well.

The Commonwealth argues that pursuant to *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978), the term "proceedings" should only refer to proceedings after attachment of jeopardy. It asserts that as the case was still prior to trial, the pretrial proceedings should have been continued until the appeal of the interlocutory order was final. The basis for this argument is the assertion that the trial had not begun at the time the appeal was taken from the earlier order, so that there was nothing to "suspend" while awaiting the appellate court determination.

■ This argument overlooks the fact that Blincoe was under indictment and awaiting trial at the time the appeal was taken. We do not find that *Eaton v. Commonwealth, supra,* permits pre-trial proceedings to be held in abeyance until a ruling is made on the interlocutory order. *Eaton* holds that unless the defendant's "constitutional right to a speedy trial were unduly threatened, we see no reason why an interlocutory 'ruling' entered prior to trial . . . could not be reviewed by appeal."

*Id.* at 639. The *Eaton* court indicated that where a defendant's right to a speedy trial was threatened by the requested delay, the prosecution might wish to request a writ of prohibition. The proper avenue for the prosecution when aggrieved by an interlocutory order of the trial court is an appeal of the ruling. *Commonwealth v. Williams,* Ky.App., 995 S.W.2d 400, 402 (1999). The Commonwealth, through its inaction, violated the trial court's order, thereby justifying dismissal of the case. A delay of even a few months has been found to violate a defendant's right to a speedy trial. *Mann v. Commonwealth,* Ky.App., 561 S.W.2d 335, 337 (1978). Forcing Blincoe to wait for trial until after this Court, and possibly the Kentucky Supreme Court, rendered a final opinion on the appeal of the interlocutory order would be improper. The Commonwealth argues that it will now be forced to reindict the defendant, which it claims would be a waste of judicial economy. This argument is not sufficient to support delaying a trial for months or years while an issue is on appeal.

■ KRS 22A.020(4)(c) specifically grants the Court of Appeals the right to reverse a trial court's decision in an interlocutory order, and to order a new trial of the defendant where no double jeopardy provisions apply. In the present case, the action was dismissed without prejudice by the trial court. A new indictment may properly be obtained should the Commonwealth prevail in its appeal of the interlocutory order. Filing of an appeal of an interlocutory order in a criminal matter is permitted, but such filing does not suspend applicable time limits for the taking of other steps in the action. *See Commonwealth v. Cobb,* Ky.App., 728 S.W.2d 540, 541 (1987). For this reason, the trial court's dismissal of the action is hereby affirmed.

ALL CONCUR.