**K.N., a child, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–000159–MR.

Court of Appeals of Kentucky.

June 8, 2012.

Rehearing Denied Aug. 2, 2012.

Dawn Fesmier, Frankfort, KY, for appellant.

Jack Conway, Attorney General, Harold F. Dyche, II, Special Assistant Attorney General, London, KY, for Appellee.

Before COMBS, KELLER, and STUMBO, Judges.

## OPINION

COMBS, Judge:

K.N.[1] appeals the order of the Laurel Circuit Court which granted the Commonwealth's petition for a writ of mandamus. After our review of the record and the pertinent law, we affirm.

On October 27, 2010, an armed, masked man robbed the Speedy Mart in Laurel Court, Kentucky. He took approximately

---

1. K.N. was a juvenile at the time of the incident and proceedings. He has since reached majority.

one thousand dollars and one carton of cigarettes from the store and left in a large white SUV. Approximately thirty minutes later, police pulled over the vehicle. One of the four occupants matched the description of the armed robber. The other occupants were K.N., a minor, and two adults.

Police took the three men and K.N. to the London police department for questioning. They also searched the suspects and found that each of them had approximately two hundred dollars and fresh packs of cigarettes. During questioning, they learned that another juvenile had been present during the robbery and that he had been dropped off at his home shortly before police stopped the SUV. He had the remaining two hundred dollars and confessed to having disposed of the gun. All five were arrested for their involvement in the armed robbery.

During questioning of K.N., police learned that the three adults and two juveniles had spent the day of October 27 together playing video games. At some point, one of the adults stated that he wanted to rob the Speedy Mart. One of the other adults provided a gun, and the third adult provided hoodies. K.N. was present for the planning of the robbery and remained in the car during the robbery. He was also present after the robbery when the suspects burned checks that were taken from the store along with clothing worn by the robber. K.N. also accepted cash and cigarettes that were stolen. He was charged with robbery in the first degree in district court.

In district court, the Commonwealth made a motion to have K.N.'s case transferred to circuit court under the mandatory transfer statute. The district court did not grant the Commonwealth's motion. Therefore, the Commonwealth filed a petition for a writ of mandamus in circuit court to order the district court to apply the transfer statute. The circuit court granted the writ, and K.N. filed this appeal.

Writs of mandamus and prohibition (*See Cox v. Braden,* 266 S.W.3d 792, 795 (Ky.2008)) are extraordinary remedies that:

> *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004). (Emphasis in original). *See also* Kentucky Rule[s] of Civil Procedure (CR) 81. There are also "certain special cases" that merit remedy by writ where "a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky.1961). (Emphasis in original). In those special cases involving the interest of the orderly administration of justice, the requirement that the petitioner must prove great injustice and irreparable harm is waived. *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky.2004). But there remains the requirement that there be no other adequate remedy short of a writ.

We are persuaded that the writ in this case falls within the "special cases" category. Our review is *de novo. Id.* However, before addressing the merits, we must address the preliminary issue of whether the

Commonwealth had an alternate remedy by appeal or otherwise. *Bender, supra.*

■ The Commonwealth correctly asserts that it did not have an adequate remedy by appeal. As this Court has previously acknowledged, the General Assembly has not provided an avenue for parties to appeal interlocutory orders from district court to circuit court. *Tipton v. Commonwealth,* 770 S.W.2d 239, 241 (Ky.App.1989). Instead, the statutory scheme allows only for appeal to the Circuit Court "from any final action of the District Court." Kentucky Revised Statute[s] (KRS) 23A.080(1). A final action is one that disposes of all the issues in a case and generally includes the recitation that the judgment is final. ·CR 54.02(1).[2] Our courts have recognized that in cases where there is potential for "significant prejudice," KRS 23A.080(2) authorizes the Circuit Court to "issue all writs necessary in aid of its appellate jurisdiction." *Tipton, supra.*

In the case before us, the denial of the Commonwealth's motion did not dispose of the ultimate issue; *i.e.,* whether K.N. was guilty of the criminal charge of robbery in the first degree. There was no finality within the meaning of CR 54.02(1). Therefore, the Commonwealth's only remedy was to petition for a writ of mandamus.

■ K.N. argues that even though the Commonwealth did not have the option to appeal, it could have sought transfer under another statute. KRS 635.020(2) provides that a child who has attained the age of fourteen and has been charged with "a capital offense, Class A felony, or Class B felony" can be transferred to circuit court under the provisions of KRS 640.010. That statute allows the district court to consider eight specific factors and then to exercise its discretion in determining whether to transfer the case.

■ The circuit court distinguished between the two transfer statutes and correctly determined that the district court was not at liberty to proceed under KRS 640.010. Exercise of its discretion was not an option in this case. The Court properly proceeded under KRS 635.020(4), the statute *mandating* transfer of a juvenile at least fourteen years of age charged with a felony in which a firearm was *used:*

> if a child charged with a felony in which a firearm, whether functional or not, was used in the commission of the offense had attained the age of fourteen (14) years at the time of the commission of the alleged offense, he *shall be transferred* to the Circuit Court for trial as an adult if, following a preliminary hearing, the District Court finds probable cause to believe that the child committed a felony, that a firearm was used in the commission of that felony, and that the child was fourteen (14) years of age or older at the time of the commission of the alleged felony.

(Emphasis added).

■ K.N. does not dispute that he was over the age of fourteen when the armed robbery occurred. However, K.N. argues that because he did not personally handle the gun during the course of events surrounding the robbery, KRS 635.020(4) does not apply. After the parties submitted their briefs in this case, our Supreme Court released a case directly on point: *K.R. v. Commonwealth,* 360 S.W.3d 179 (Ky.2012). We had held this case in abeyance pending the release of *K.R.* by the Supreme Court.

---

**2.** Kentucky Rule[s] of Criminal Procedure (RCr) 13.04 provides that the Rules of Civil Procedure shall apply to criminal proceedings where they have not been superseded by a criminal rule and where there is no inconsistency. Thus, CR 54.02(1) is incorporated by reference through RCr 13.04 and applies in this case.

K.R. is factually similar to this case. A sixteen-year-old juvenile did not handle the gun used in an assault, but she directed the shooter to the victim. She was charged with complicity to assault. The Supreme Court held that, *"[a]ctual* use of the gun by the accomplice is not required to be guilty of complicity to commit first-degree assault; rather, the complicit defendant is treated *as if* she used the gun[.]" *Id.* at 186. (Emphasis in original). It held that the district court should have transferred K.R.'s case to circuit court pursuant to KRS 635.020(4). The Court emphasized that the statute reflects the legislature's profound concerns with the use of guns by juveniles. In contrast to K.R., K.N. has been charged with the *primary* crime, not complicity, rendering more compelling recourse to KRS 635.020(4) as the appropriate statute to be applied in this case.

■ Because K.N. was older than fourteen years of age and because a gun was used in commission of the crime for which he is charged, we have concluded that two of the conditions of KRS 635.020(4) are satisfied. However, K.N. disputes the third prong—that there is probable cause that he was involved in the crime. We disagree.

K.N. admitted to police that he was aware that at least one of the adults wanted to rob the store. He also observed the preparations—acquiring hoodies and a gun. Although K.N. argued to the trial court that he was trapped in the car with no means of escape at the time of the robbery, the suspects began preparing for the robbery as early as six p.m. The robbery itself did not occur until after ten p.m. Moreover, K.N. does not deny that he was in the SUV at the time of the robbery, and he had proceeds from the robbery on his person at the time of arrest. Our Supreme Court has held that:

[t]o be liable, the accused need not to have taken any money from the victim with his own hands, or actually participated in any other act of force or violence; it is sufficient that he came and went with the robbers, was present when the robbery was committed, and acquiesced therein.

*Commonwealth v. Smith,* 5 S.W.3d 126, 129 (Ky.1999) (*quoting* 67 Am.Jur.2d Robbery § 9, p. 62). Therefore, the trial court had ample reason to believe there was probable cause that K.N. was a participant in the crime. We note that the finding of probable cause is not a finding of guilt; it is simply a threshold or condition precedent to additional proceedings.

Thus, because all the requirements of KRS 635.020(4) have been met by the facts of this case, the district court was required to transfer K.N.'s case to circuit court.

We affirm the grant of a writ of mandamus by the Laurel Circuit Court.

ALL CONCUR.