JONES, JUDGE:
The Commonwealth of Kentucky brings this appeal challenging the Marion Circuit Court's order granting William Barry Robertson's motion to suppress evidence. A review of the record shows that the notice of appeal was not timely filed, and the appeal must be dismissed.
I. FACTUAL & PROCEDURAL BACKGROUND
On January 4, 2018, Robertson was indicted on six charges, brought in two separate indictments, by a Marion County Grand Jury. The first indictment included the charges of: (1) trafficking in a controlled substance, first degree while in possession of a firearm; (2) possessing drug paraphernalia; (3) possessing marijuana; and (4) being a persistent felony offender, first degree. The second indictment included: (1) possessing a firearm by a convicted felon; and (2) being a persistent felony offended, second degree.
The charges were levied against Robertson after police pulled over a vehicle driven by Katherine Michelle Smith on October 12, 2017. The vehicle was stopped after someone alerted police to a "specious" four-door gray vehicle with two female occupants parked at 683 Knob Road in Lebanon, Kentucky. Deputy Sam Knopp was dispatched to the area and ascertained that the females did not live at the residence. He then observed the vehicle leaving the area; the vehicle's rear driver side tail light was out so Deputy Knopp decided to initiate a stop. Deputy Knopp smelled alcohol and saw an open container when he approached the vehicle. He asked Ms. Smith for consent to search the vehicle which she provided.
The search produced several items of drug paraphernalia and a small quantity of what appeared to be crystal methamphetamine. Ms. Smith told Deputy Knopp that she purchased the methamphetamine from Robertson earlier that day and that she had purchased methamphetamine from him several times in the past. Ms. Smith provided Deputy Knopp with Robertson's address. Based on this information, Deputy Knopp secured a warrant to search the residence, Robertson's person, and any other persons located at the residence and to seize any weapons, drugs or other evidence of illegal activity found during the search. The warrant was executed on October 13, 2017, and police seized drug paraphernalia, marijuana, methamphetamine, *370 and firearms. Robertson was placed under arrest, charged, and indicted.
Robertson entered a plea of not guilty. On January 20, 2018, Robertson's counsel filed a motion to suppress all evidence seized by the Commonwealth during its October 13 search. Robertson argued that probable cause did not exist for the search warrant issued by the Marion District Court. Robertson pointed out that Deputy Knopp failed to indicate in the affidavit why he believed Ms. Smith's information was reliable. Robertson also noted that the affidavit was devoid of any assertions that would show Deputy Knopp conducted a proper independent investigation. The affidavit mentioned only that Deputy Knopp talked with a fellow officer, who indicated that some six weeks prior he had spoken with a Bobby Robertson at the address provided by Smith, and that both officers had frequently seen Bobby Robertson residing or staying at the address in question. Bobby Robertson is the brother of the defendant/appellee, Barry Robertson, the person from whom Ms. Smith said she purchased the methamphetamine.
On March 13, 2018, the circuit court entered a seven-page order granting Robertson's motion. Even though Ms. Smith was identified by name in the affidavit, the circuit court relied on case law concerning confidential informants. Based on that case law, the circuit court concluded that "[w]ithin the four corners of the affidavit, the only information that would purport to be a substantial basis for concluding probable cause existed is the uncorroborated statement of an 'informant' which the Supreme Court of the United States has held standing alone is not sufficient." (R. at 6).
On March 20, 2018, the Commonwealth filed a "motion to reconsider order to suppress" with the circuit court. In its motion, the Commonwealth asked the circuit court to "alter, amend or vacate its order entered on March 13, 2018." The Commonwealth cited case law from the United States Supreme Court as well as the Supreme Court of Kentucky which holds that specific statements of veracity or reliability are not required when the informant is named; those requirements apply only to confidential informants. The Commonwealth also noted that the discrepancy between Barry and Bobby Robertson was not material because search warrants are directed at places not individuals, and Ms. Smith told Deputy Knopp she purchased the methamphetamine at the address of the residence police searched.
The Commonwealth's motion came before the circuit court at a hearing on March 29, 2018. When asked by the circuit court, the Commonwealth stated that the purpose of its motion was to ask the court to review the suppression issue under a "different standard" because the informant in this case was known. Robertson's counsel argued that the circuit court should summarily deny the Commonwealth motion because CR 59.05 does not apply to interlocutory suppression orders. The Commonwealth disagreed; it argued that the circuit court retained jurisdiction to continually review its prior order, and therefore, the Commonwealth was proper in asking it to do so.
The circuit court stated that it would take the motion under advisement and believed that the Commonwealth could appeal so long as it included language in its order that it was interlocutory and there was no just cause for delay. Following the hearing, the circuit court entered a docket order stating that it was taking the Commonwealth's "motion to reconsider [its prior] order under advisement." The following day, March 30, 2018, the circuit court entered a written order denying the "the Motion of the Commonwealth to Re-consider/Alter, *371 Amend, or Vacate the Court's order entered March 13, 2018."
On April 27, 2018, forty-six days after the circuit court's interlocutory order granting Robertson's motion to suppress, the Commonwealth filed a notice of appeal. The Commonwealth attached two orders to its notice of appeal: 1) the circuit court's March 30, 2018 order denying its motion to reconsider/motion to alter, amend or vacate; and (2) the circuit court's March 13, 2018 order granting Robertson's motion to suppress.
After reviewing the Commonwealth's notice of appeal, this Court issued an order directing the parties to show cause why this appeal should not be dismissed for failure to timely appeal. We directed the parties to Parker v. Commonwealth , 440 S.W.3d 381, 383 (Ky. 2014), wherein the Kentucky Supreme Court indicated that a CR 59.05 motion does not operate to toll the time for filing a notice of appeal when the underlying order is interlocutory.
The Commonwealth responded to the Court's show cause order. The Commonwealth argued that this appeal is like the appeal allowed by Kentucky Supreme Court in Parker ; while the Commonwealth labeled its motion as one to alter, amend or vacate it was actually asking the circuit court to "re-examine certain facts from the hearing" making it a proper request for additional findings. The Commonwealth also noted that the circuit court gave it permission to file the motion notwithstanding Parker and assured the Commonwealth that if it did deny the motion it would "include the language that [the circuit court] think[s] is necessary for [the] Commonwealth to be able to take it up." Accordingly, the Commonwealth asserted that it "had a good faith belief that the circuit court considered the motion made pursuant to CR 52.02 and that the time for filing an appeal was tolled pending issuance of that order."
The Commonwealth's response came before a three-judge motion panel of this Court. The panel concluded that it did not have enough information before it to decide the timeliness of the appeal and passed the matter to the panel assigned to hear the merits of the appeal. The parties then filed briefs. The Commonwealth's brief addressed the merits of the circuit court's order on suppression; it did not include any additional argument regarding the timeliness of the appeal. Robertson's brief, however, urged this Court to dismiss the appeal due to the Commonwealth's failure to file a timely notice of appeal pursuant to CR 73.02, an argument the Commonwealth addressed in its reply brief.
II. ANALYSIS
The Commonwealth seeks review of two orders: 1) the circuit court's order granting Robertson's motion to suppress; and 2) the circuit court's denial of its motion to alter, amend or vacate. As explained further below, appeal from the first order is untimely and appeal from the second is improper.
"An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the Circuit Court[.]" KRS 22A.020(4). Our Supreme Court has construed this statute to permit an appeal of an interlocutory ruling only if the ruling "decides a matter vital to the Commonwealth's case[.]" Eaton v. Commonwealth , 562 S.W.2d 637 (Ky. 1978). When allowed, "[s]uch appeal shall be taken in the manner provided by the Rules of Criminal Procedure and the Rules of the Supreme Court[.]" KRS 22A.020(4)(b). "The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken[.]" RCr 12.04(3).
*372 The suppression order was entered on March 13, 2018. The Commonwealth did not file its notice of appeal until April 27, 2018, forty-six days after entry of the order. The Commonwealth urges this Court to excuse its untimely filing. It believes its motion for reconsideration tolled the running of the time to appeal. Alternatively, the Commonwealth requests this Court to excuse its failure to timely appeal. The Commonwealth maintains that we should do so because the Commonwealth relied on the circuit court's assurances that it would be able to appeal in good faith.
The Kentucky Supreme Court addressed a similar situation in Parker . The circuit court in Parker granted the defendant's motion to suppress on March 19, 2010. Parker , 440 S.W.3d at 382-83. Afterward, the Commonwealth filed "a motion, pursuant to CR 59.05, to alter, amend, or vacate the order suppressing, or in the alternative, to enter findings of fact and conclusions of law." Id. at 383. In an opinion and order entered on May 27, 2010, the circuit court issued additional findings and denied the CR 59.05 motion. Id. The Commonwealth filed a notice of appeal on June 24, 2010, which included the suppression order entered on March 19, 2010, and the order denying the Commonwealth's CR 59.05 motion entered on May 27, 2010. Parker argued the appeal should be dismissed as untimely.
As a primary matter, the Kentucky Supreme Court held that "suppression orders are inappropriate for CR 59.05 review." Id. The Court explained that CR 59.05 motions are only appropriate in cases where a final judgment has been entered. While a suppression order is important, it is not a final judgment. It is interlocutory. Even though the Kentucky Supreme Court concluded that the Commonwealth's CR 59.05 motion did not toll the time to file an appeal, it determined that the Commonwealth's appeal was not untimely because the Commonwealth "fortified its CR 59.05 motion before the trial court with an alternative request for findings of fact and conclusions of law," and the circuit court did grant that part of the motion by issuing additional findings and conclusions. Id. at 384. The Supreme Court explained:
CR 73.02(1)(e) provides that the running of the time for appeal is terminated by a timely motion pursuant to CR 52.02.' CR 73.02(1)(e) applies in criminal cases under RCr 12.02. As previously stated, the Commonwealth's motion for findings pursuant to RCr. 9.78[2] is treated as a CR 52.02 motion, thus tolling the appeal period provided by CR 73.02(1)(e). A contrary determination would not only violate the civil rules made applicable in criminal proceedings, it would also create dueling jurisdictions-an absurd and untenable result. The Court of Appeals correctly noted that it is impossible for an appellate court to obtain jurisdiction over a judgment which is still pending further review in a lower court.
Moreover, we encourage a well-developed circuit court record in all cases to the extent practical. An appeal by the Commonwealth of the original interlocutory suppression order in this case would have provided the Court of Appeals with an inadequate record. Neither justice nor the judicial economy would have been well-served as a result. Accordingly, we hold that the Commonwealth's notice of appeal was timely filed. We now turn to the merits of the case.
Id. at 384-85.
The Commonwealth asserts that the facts in the present appeal are "analogous *373 to the fact pattern in Parker ." We disagree. First, the circuit court's original suppression order in Parker contained only a one-sentence hand-written notation stating, "[t]he Defendant's vehicle was searched solely on the basis of a search incident to arrest for driving on a suspended license and as such, is invalid under Arizona v. Gant [556 U.S. 332], 129 S.Ct. 1710, [173 L.Ed.2d 485] (2009) as no broad good faith exception to the exclusionary rule applies in this case." Id. at 384. In contrast, the original suppression order in this case was seven pages long; it contained numerous findings of fact and conclusions of law. Second, in Parker , the Commonwealth explicitly asked for additional findings of fact and conclusions of law. In this case, the Commonwealth did not make any request for additional findings and conclusions. In both its written motion and its argument before the circuit court, the Commonwealth asked the circuit court to apply different case law and reach a different result. Finally, the circuit court in Parker denied the Commonwealth's CR 59.05 motion but granted its motion for additional findings and conclusions rendering a new order. In this case, the circuit court simply denied the motion to reconsider.
While we appreciate the Commonwealth's position, it would do violence to our procedural rules to allow this appeal to go forward. Robertson's counsel cited Parker and made the Commonwealth aware of the fact that its motion was improper. Nevertheless, the Commonwealth chose to press forward without so much as even attempting to file a protective notice of appeal. Such dogged persistence in going forward in the face of clear precedent to the contrary worked to the Commonwealth's disadvantage. Moreover, the Commonwealth should have known that the circuit court did not have the authority to decide what orders are appealable and when. That is the function of this Court.
In sum, the Commonwealth's appeal of the order granting the Commonwealth's motion to suppress must be dismissed because it is untimely. Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc. , 37 S.W.3d 713, 716-17 (Ky. 2000) ("A tardy notice of appeal is subject to automatic dismissal and cannot be saved through application of the doctrine of substantial compliance, is a policy decision that is reflected in CR 73.02.").
This brings us to the Commonwealth's appeal of the order denying its motion to reconsider. The motion itself was not authorized and was properly denied. Even so, an appeal from that order does not lie. While the Commonwealth may appeal some interlocutory orders, it may only appeal those orders that are vital to its case. The denial of an improper motion cannot be vital to the case. The vital ruling was the circuit court's original suppression order. The later ruling did the prosecution no further damage.
III. ORDER
Based on the foregoing, this Court ORDERS that the above-styled appeal be and hereby is DISMISSED for failure to file a timely notice of appeal.
ALL CONCUR.

RCr 9.78 was deleted effective January 1, 2015. A new version of the statute can be found in RCr 8.27.